UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG EDMONDS,<br><br>Plaintiff,<br><br>v.<br><br>MUTUAL HOUSING, *et al.*<br><br>Defendants. | Case No.  2:25-cv-3721-TLN-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Craig Edmonds ("plaintiff") brings this action against defendants Mutual Housing, Lavender Courtyard Apartments, Sacramento Housing and Redevelopment Agency, the United States Department of Housing and Urban Development ("HUD"), Marlene Sanchez, Lutheran Social Services, and Brenda Santiago.  He alleges that defendants have violated his rights under the Americans with Disabilities Act ("ADA") by failing to provide remote gate access at the property where he lives.  ECF No. 8 at 1-2.  Plaintiff's claims are articulated across several different filings, ECF Nos. 1, 4, 6, & 7, including in an amended complaint, ECF No. 8, that, despite its title, also appears to be a supplement to the original complaint.  Under the local rules, a complaint must be complete in itself, without relying on reference to ancillary documents.  *See* Local Rule 220.  Accordingly, I will dismiss plaintiff's initial complaint, which I construe as the operative complaint in this action, and give plaintiff an opportunity to file an amended complaint that contains all his claims in a single document.  Additionally, as explained below, at least one of

1

the parties sued is not a viable defendant.  Plaintiff may address this in any amended complaint he submits.

In light of the foregoing, I recommend that plaintiff's motion for preliminary injunctive relief, ECF No. 9, be denied.  His request for calendar preference and expedited proceedings, ECF No. 3, is also denied.   Finally, I will grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 2.  This grant moots his request for ruling on his *in forma pauperis* status, contained in ECF No. 9.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

2

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's claims are not, as they must be, contained in a single complaint. Instead, they are filed across an initial complaint and several supplements. ECF Nos. 1, 4, 6, 7, & 8. Under this district's local rules, all claims must be included in a single document, without reference to or reliance on other, supplemental filings. *See* Local Rule 220. Accordingly, I will dismiss the complaint so that plaintiff may include all his claims in a single, amended complaint.

Additionally, plaintiff is advised that HUD is not a viable defendant in an ADA action. *See Drevaleva v. Dep't of Veterans Affs.*, 835 F. App'x 221, 223 (9th Cir. 2020) ("The district court properly dismissed Drevaleva's claim that she was discriminated against in violation of the Americans with Disabilities Act ('ADA') because the federal government is excluded from the coverage of the ADA."). Plaintiff has also sued numerous defendants in connection with his claim; he is advised that the proper defendant in an ADA action is the public entity responsible for the discrimination alleged. *United States v. Georgia*, 546 U.S. 151, 153 (2006). Finally, plaintiff should explain, in any amended complaint he files, how each defendant is responsible for the lack of a remote gate. The various pleadings that currently comprise the complaint do not effectively identify what responsibility each of the named defendants had in this failing.

I will give plaintiff an opportunity to file an amended complaint that remedies these deficiencies. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "Second Amended Complaint" and be filed within thirty days of this order's entry.

**Motion to Expedite**

Plaintiff's motion to expedite proceedings, ECF No. 3, is denied. He argues that "calendar preference" is necessary because of his declining health. *Id.* at 1. I am not unsympathetic to plaintiff's health issues, but many claimants in this district advance claims that bear on their health and wellbeing, and the court cannot triage cases based on how serious each claimant alleges their health issues are. If emergency relief is necessary, plaintiff may file a

3

properly supported motion for preliminary injunctive relief.  His current motion for such relief, as explained below, is inadequate.

**Motion for Preliminary Injunctive Relief**

Plaintiff's motion for preliminary injunctive relief should be denied.  It does not adequately address the necessary factors for the issuance of such relief, namely that: (1) he is likely to succeed on the merits of his claim, (2) he is likely to suffer irreparable harm absent the preliminary injunction, (3) the balance of equities tips in his favor, and (4) a preliminary injunction is in the public interest.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Indeed, plaintiff's motion is nothing more than two printed e-mails, each of which contains only a few allegations about plaintiff's allegedly dire health problems.  ECF No. 9 at 1-2. This is not sufficient.

Accordingly, it is ORDERED that:

1.  Plaintiff's complaint, contained in ECF No. 1, is DISMISSED with leave to amend. His first amended complaint, ECF No. 8, to the extent plaintiff intended it to supplant the original, is similarly DISMISSED.

2.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.  The Clerk of Court shall send plaintiff a complaint form with this order.

5.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

6.  Plaintiff's motion for calendar preference and to expedite proceedings, ECF No. 3, is DENIED.

Further, it is RECOMMENDED that plaintiff's motion for injunctive relief, ECF No. 9, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

4

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    March 12, 2026                           _____
                                                   JEREMY D. PETERSON
                                                   UNITED STATES MAGISTRATE JUDGE