UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CRAIG EDMONDS,

        Plaintiff,

    v.

MUTUAL HOUSING, et al.,

        Defendants.

No. 2:25-cv-03721-TLN-JDP

**ORDER**

This matter is before the Court on *pro se* Plaintiff Craig Edmonds's ("Plaintiff") Motion for Reconsideration. (ECF No. 14.) No opposition has been filed. For the reasons set forth below, the Court DENIES Plaintiff's motion.

A detailed recitation of the factual and procedural history is not necessary for disposition of Plaintiff's motion. Plaintiff commenced this civil rights action seeking relief under 42 U.S.C. § 1983. (ECF No. 1.) On March 12, 2026, the magistrate judge issued findings and recommendations recommending the Court dismiss Plaintiff's Complaint with leave to amend and deny his motion for injunctive relief. (ECF No. 11.) The magistrate judge found that Plaintiff failed to adequately address the necessary factors under *Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 20 (2008) or set forth sufficient allegations. (*Id.*) On April 14, 2026, this Court adopted the March 12, 2026 findings and recommendations in full and denied Plaintiff's

1

motion for injunctive relief.  (ECF No. 13.)

On April 20, 2026, Plaintiff filed the instant motion for reconsideration.  (ECF No. 14.) Plaintiff seeks relief under Rule 60(b)(1) and 60(b)(6), stating that he intended to object to the findings and recommendations and cure the "vagueness" identified by the magistrate judge. (ECF No. 14 at 1.)  Plaintiff argues he is in possession of new evidence (namely, a medical certification which he faxed to Defendants) and an admission of liability from Defendant Marlene Sanchez.  (ECF No. 14 at 2.)  Plaintiff further contends injunctive relief is necessary because he suffered a physical collapse due to Defendants' refusal to fix a gate at the property where he lives. (*Id.*)  Plaintiff attaches several emails to his motion, which appear to be emails to Defendants regarding the gate and this case.  (*See id.*)

On motion and just terms, a district court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Court finds Plaintiff fails to identify or make any substantive argument regarding what "mistake, inadvertence, surprise, or excusable neglect" would allow the Court to reconsider its Order denying his motion for injunctive relief.  Plaintiff still does not make any argument under the *Winter* factors to establish that he is entitled to injunctive relief.  While the magistrate judge allowed Plaintiff "an opportunity to file an amended complaint," having done so is not a reason for the Court to award relief under Rule 60(b).  (ECF No. 11 at 3.)  Plaintiff further fails to

proffer any facts that give rise to any indication that relief is warranted under Rule 60(b).

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. (ECF No. 14.)

IT IS SO ORDERED.

Date: July 7, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3