UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG EDMONDS,<br>Plaintiff,<br>v.<br>MUTUAL HOUSING, *et al.*,<br>Defendants. | Case No. 2:25-cv-3721-TLN-JDP (PS)<br><br>ORDER |

Craig Edmonds brings this action against defendants Mutual Housing, Lavender Courtyard Apartments, Marlene Sanchez, the property manager for Mutal Housing, Lutheran Social Services, and Brenda Santiago, a supervisor for Lutheran Social Services. He alleges that defendants have violated his rights by failing to provide remote gate access at the property where he lives. ECF No. 12. I will dismiss plaintiff's second amended complaint and give plaintiff a final opportunity to file a third amended complaint.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that he is 66 years old and has been diagnosed with terminal stage IV prostate cancer. ECF No. 12 at 1. He suffers from chronic pain, respiratory strain, and severe mobility impairment. *Id.* Plaintiff lives at an apartment complex called Lavender Courtyard Apartments, which is operated by Mutal Housing. *Id.* The property, according to the complaint, "requires manual operation of a security gate" and, in order for plaintiff to open the gate, he "must walk two long hallways and use an elevator." *Id.* The route requires plaintiff to be removed from his life-saving oxygen and medical deliveries. *Id.*

In August 2023, plaintiff requested from defendant Santiago, a supervisor at Lutheran Social Services, a remote-entry system (either a buzzer or a clicker) to open the gate. *Id.* In July 2025, Santiago denied that request. Later, in November, defendant Sanchez, a manager at Mutal

Housing, told plaintiff that the gate "has never been operational," which he claims shows that defendants knowingly moved him into an "inaccessible unit." *Id.* Plaintiff notified Sacramento Fire Marshal to the "life-safety hazard created by the non-functional gate and lack of emergency egress for wheelchair residents on the third floor." *Id.*

Plaintiff alleges four claims: a Federal Housing Act ("FHA") claim for failure to accommodate; a Section 504 of the Rehabilitation Act; a violation of California's Fair Employment and Housing Act "(FEHA"); and a "failure to ensure safe fire egress." *Id.* at 2. As alleged, plaintiff's complaint does not state a claim.

The FHA and FEHA have similar statutory language prohibiting discrimination in housing. The FHA makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of service or facilities in connection with such dwelling because of a handicap." 42 U.S.C. § 3604(f)(2). Under the FHA, discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to enjoy the dwelling." 42 U.S.C. § 3604(f)(3)(B). FEHA's language is nearly identical. *See* Cal. Gov't Code § 12927(c)(1)

To establish a prima facie case under FEHA and FHA for a refusal to make a reasonable accommodation, a plaintiff must show that: (1) he or she suffers from a "handicap" as defined by 42 U.S.C. § 3602(h); (2) the defendants knew or should reasonably be expected to know of the plaintiff's handicap; (3) the accommodation of the handicap "may be necessary" to afford the plaintiff an equal opportunity to use and enjoy the dwelling; and (4) the defendants refused to make such accommodation. *DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006); *United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997); *Auburn Woods I Homeowners Ass'n v. Fair Employment & Housing Committee*, 121 Cal. App. 4th 1578 (Cal. Ct. App. 2004).

Plaintiff has failed to establish the elements of a FHA or FEHA claim. Plaintiff does not allege that he notified Mutal Housing or Sanchez—the two defendants alleged to be connected to plaintiff's apartment—about his disability. Neither does plaintiff allege that those defendants

refused to make such an accommodation. Instead, plaintiff states that a supervisor for Lutheran Social Services refused to provide him with a buzzer to open a security gate. But plaintiff has not alleged that either Lutheran or Santiago is in a position to provide a buzzer. The complaint merely states that Lutheran "provides supportive services and receives federal financial assistance." ECF No. 12 at 1.

Section 504 of the Rehabilitation Act bar disability-based discrimination by public entities. 29 U.S.C. § 794; 42 U.S.C. § 12132. To state a claim that a public program or service violated section 504, a plaintiff must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001); *Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001).

Here, plaintiff has failed to allege that any such discrimination by defendants was due to his disability. Indeed, plaintiff alleges that defendant Sanchez told him that the gate "has never been operational," thus undercutting his argument the lack of an operational gate and buzzer is due to his disability.

Finally, plaintiff does not articulate an underlying basis for his claim "failure to ensure a safe fire egress," however, even if he had, plaintiff has alleged that he is capable to opening the security gate, even though it is taxiing.

I will give plaintiff an opportunity to file an amended complaint that remedies these deficiencies. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "Third Amended Complaint" and be filed within fourteen days of this order's entry.

Accordingly, it is ORDERED that:

1. Plaintiff's second amended complaint, ECF No. 12, is DISMISSED with leave to amend.

2. Within fourteen days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: July 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE