UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG EDMONDS,<br>Plaintiff,<br>v.<br>MUTUAL HOUSING, *et al.*,<br>Defendants. | Case No. 2:25-cv-3721-TLN-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Craig Edmonds brings this action against defendants Mutual Housing, Marlene Sanchez, the property manager for Lutheran Social Services, Lutheran Social Services, and Brenda Santiago, a manager for Lutheran Social Services. Plaintiff alleges in this third amended complaint that defendants have failed to accommodate his request for remote gate access and have retaliated against him. Plaintiff has been provided with multiple opportunities to cure the defects noted in my prior orders and has failed to do so. Accordingly, I recommend that this complaint be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The crux of plaintiff's allegations remains unchanged: he is a senior citizen diagnosed with terminal stage IV prostate cancer who resides at the Lavender Courtyard Apartment in Sacramento. ECF No. 18 at 1-2. Plaintiff lives on the third floor, and, in order for him to let visitors or delivery personnel into the apartment, he must "traverse two exceptionally long residential hallways, enter and ride an elevator down to the first floor, [and] manually pull open a heavy steel security gate." *Id.* at 2. When plaintiff first moved into the property, he saw that the apartment's main gate call box and intercom system were not functional because they lacked a remote buzzer. *Id.* Plaintiff alleges that he told defendants that he needed a remote buzzer to

accommodate his disabilities, but they have never provided him one. He also alleges that the lack of a remote buzzer would pose life-threatening danger in the event of a fire. *Id.*

Plaintiff alleges four claims: a Federal Housing Act ("FHA") claim for failure to accommodate; "civil rights retaliation": pursuant to 42 U.S.C. §§ 1983, 3617, violation of the California Information Practices Act, and intentional infliction of emotion distress.

As noted in the prior order, FHA makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of service or facilities in connection with such dwelling because of a handicap." 42 U.S.C. § 3604(f)(2). Under the FHA, discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to enjoy the dwelling." 42 U.S.C. § 3604(f)(3)(B).

To establish a prima facie case under FHA for a refusal to make a reasonable accommodation, a plaintiff must show that: (1) he or she suffers from a "handicap" as defined by 42 U.S.C. § 3602(h); (2) the defendants knew or should reasonably be expected to know of the plaintiff's handicap; (3) the accommodation of the handicap "may be necessary" to afford the plaintiff an equal opportunity to use and enjoy the dwelling; and (4) the defendants refused to make such accommodation. *DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006); *United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997); *Auburn Woods I Homeowners Ass'n v. Fair Employment & Housing Committee*, 121 Cal. App. 4th 1578 (Cal. Ct. App. 2004).

Plaintiff has failed to plead an FHA claim. Plaintiff has not alleged that defendants refused to accommodate him *because* of his disability. Indeed, it sounds like the remote buzzer system was non-operational before plaintiff moved into the apartment. Thereby demonstrating that defendants' failure to provide him with a remote buzzer was not due to his disability. Moreover, Section 3617 of the FHA makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by" sections 3603-06 of the FHA, 42 U.S.C. § 3617, and plaintiff has failed to show that defendants have violated any FHA rights.

Plaintiff has also alleged, for the first time, retaliation under section 1983. That claim fails, too. Any case under § 1983 must demonstrate both a deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States, and causation of such deprivation by a person or entity acting under color of state law within the meaning of the Fourteenth Amendment. 42 U.S.C. § 1983. Plaintiff has alleged no state actors in this case.

Additionally, because there are no remaining federal claims in this action, the court declines to exercise supplemental jurisdiction over plaintiff's state-law claims.[1] *See* 28 U.S.C. § 1367(c)(3) (a district court "may decline to exercise supplemental jurisdiction over a claim" if the court "has dismissed all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (finding that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims").

I find that granting plaintiff further opportunities to amend would be futile as plaintiff is on his third amended complaint. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."). Accordingly, I recommend the third amended complaint be dismissed without leave to amend.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's third amended complaint, ECF No. 18, be DISMISSED without leave to amend.

2. The Clerk of Court be directed to close the case.

---

[1] Diversity jurisdiction exists in all civil actions in which there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff has neither alleged the diversity of the parties nor an amount in controversy. Accordingly, the court finds there is no diversity jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 1, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE